UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| MARQUICE HASSON HAWKINS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:18cv474(KAD) |
| | : | |
| CHRISTOPHER KRAMER, ET AL., | : | |
| Defendants. | : | |

## **INITIAL REVIEW ORDER**

**Preliminary Statement**

      The plaintiff, Marquice Hawkins ("Hawkins"), is currently incarcerated at Carl Robinson Correctional Institution ("Carl Robinson"). He has filed an amended complaint under 42 U.S.C. § 1983 against three members of the New London Police Department and nine members of the Middletown Police Department regarding a search and seizure that occurred on October 7, 2013 in Middletown, Connecticut. For the reasons set forth below, the amended complaint is dismissed.

**Standard of Review**

      Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

      Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**Allegations**

Detectives Christopher Kramer and William Pero and Sergeant Pickett of the New London Police Department and Detectives Jeffrey Laskowski, Robert Kraeger, Frederick Dirga, DeFrance and Rowland, Lieutenant Delmauro, Sergeants Petrulis and White and Officer Valentine of the Middletown Police Department are named as defendants. *See* Am. Compl. at 2-3, 11. At 12:30 p.m. on October 7, 2013, Detective Kramer informed officers in the Middletown Police Department that a stolen vehicle had been used in the commission of a home invasion in New London the previous evening and that the vehicle could be found at the Enterprise Rent-A-Car lot in Middletown, Connecticut. *See id.* at 4 & 11 ¶¶ 1-2. At 1:35 p.m., as Hawkins attempted to return a rental car to the Enterprise lot, Middletown police officers stopped him to investigate the allegation regarding the stolen vehicle that had been used in the commission of the home invasion. *See Id.* at 4 ¶ 4. At the scene, officers forced Hawkins to lie face down "at rifle point." *See id.* Detective Laskowski handcuffed and questioned Hawkins "at rifle point" while he lay face down and other officers confiscated his cellular phone and $767.00 in cash.

2

*See id.* ¶¶ 5-6 & at 6 ¶ 21.  An unidentified law enforcement officer placed Hawkins in a police car and held him "per New London Police Detectives request."  *See id.* at 4 ¶ 5, 7.  Detective Kraeger transported Hawkins to the Middletown Police Department.  *See id.* at 5 ¶ 8.

Detectives Kramer and Pero interrogated Hawkins for four and one-half hours and then released him without charging him.  *See id.* ¶ 9.  Before leaving the station, Hawkins requested the return of his telephone, money, shoes and jacket, but Detective Laskowski and unidentified New London Detectives denied his requests.  *See id.* ¶ 10.

Hawkins walked home in the rain without his telephone, money, shoes or jacket, but returned to the station later that evening seeking the return of those items.  *See id.* ¶ 12. The officer on duty refused to return Hawkins' items of property.  *See id.*

Detective Kraeger initially seized his cellular phone and money and Detectives Pero and Kramer seized his jacket and shoes.  *See id.* ¶ 14.  Detective Kraeger subsequently gave Hawkins' cellular phone to Detectives Pero and Kramer.  *See id.* at 4 ¶ 15.  Hawkins' money was later seized under "asset forfeiture."  *Id.*

Hawkins did not receive a receipt for his items of property.  *Id.* at 6 ¶ 20.  Hawkins alleges that his celluar phone is worth $500.00 and that he owes $1,000.00 for the termination of his phone contract.  *See id.* ¶ 21.

Detectives Kramer and Pero subsequently used the items of property seized from Hawkins on October 7, 2013 to secure a criminal conviction against him.[1]  *See id.* at 8 ¶ 35.  As

---

[1] Information regarding Hawkins' current conviction may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up, Criminal/Motor Vehicle, Convictions – By Docket Number using KNL-CR14-0324459-T. On January 9, 2014, New London police officers arrested Hawkins for an offense committed on October 7, 2013. On August 11, 2014, Hawkins pleaded guilty to the offense of robbery in the first degree which he

of the filing of the amended complaint, Hawkins had served four and one-half years of the sentence imposed pursuant to that conviction. *Id.* at ¶ 33. In his demand for relief, Hawkins seeks monetary damages, reimbursement for the items of his property seized by the defendants, termination of the defendants from their jobs, criminal prosecution of all defendants and an order restraining the defendants from retaliating against him. *See id.* at 9 (Request for Relief).

**Discussion**

Hawkins contends that the defendants deprived him of "his natural right to life, liberty, property, and free will and his Constitutional rights under color of law." *See id.* Specifically, he contends that Detectives Dirga, Kraeger and Delmauro turned the investigative stop at the Enterprise rental car lot into an arrest without probable cause when they transported him to the Middletown Police Department in handcuffs. *Id.* at 6 (¶ 17). He alleges that Detectives Dirga, Kraeger and Delmauro conspired with Detectives Kramer and Pero to deprive him of life, liberty and free will when they detained him and transported him to the Middletown Police Department. *See id.* at 7 ¶ 22. Hawkins alleges that Middletown Police Officers "handled" him "aggressively" during the search conducted at the Enterprise rental lot and that Detective Laskowski handcuffed him while he lay face down at gunpoint. *See id.* at 4 ¶¶ 5-6. He alleges that Detective Kraeger seized his personal property, money and cellular phone, at the scene of his detention and subsequently handed over those items to Detectives Pero and Kramer at the Middletown Police Department without a search and seizure warrant and without providing him

---

was charged with committing on October 7, 2013. On October 23, 2014, a judge sentenced Hawkins to eight years of imprisonment followed by seven years of special parole. (Last visited May 6, 2019).

with a receipt in violation of Connecticut General Statutes §§ 54-36a; 54-36f. *See id.* at 6 ¶¶ 19-20.

Hawkins alleges that on January 2, 2014, Detective Kramer falsified an affidavit in support of a warrant for his arrest by stating that the vehicle he had rented was entered on the NCIC Telecommunications form as a vehicle not stolen but used in a felony. *See id.* at 7 ¶¶ 27-29 & Ex. 8. Finally, he alleges that Detectives Kramer and Pero arrested him based on the items of property seized from him on October 7, 2013. *See id.* ¶ 35. Hawkins is serving the sentence imposed following his guilty plea to a robbery he committed on October 7, 2013, and for which New London Detectives Kramer and Pero arrested him on January 9, 2014. *See id.*; *State v. Hawkins*, Docket No. KNL-CR14-0324459-T (Conn. Super. Ct. - Aug. 11, 2014 (guilty plea) & Oct. 23, 2014 (sentenced)). The Court construes these allegations liberally as claims brought pursuant to the Fourth Amendment for false imprisonment, false arrest, search and seizure without probable cause and the use of excessive force. The Court further construes a claim for the deprivation of property in violation of the Fifth and Fourteenth Amendments.

**Statute of Limitations**

The statute of limitations for tort claims set forth in Connecticut General Statutes § 52-577 applies to claims brought pursuant to section 1983 arising in Connecticut. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 sets a three-year limitations period running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. Although the federal court looks to state law to determine the applicable statute of limitations for claims arising under sections 1983, the court looks to federal law to determine when a federal claim accrues. *See Guilbert v. Gardner,* 480 F.3d 140, 149 (2d Cir. 2007) ("In a federal question

5

case . . . when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues.") (citations omitted). A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

Although the statute of limitations ordinarily is an affirmative defense, a district court may dismiss a complaint if the allegations demonstrate that the relief sought is barred by the applicable statute of limitations. *See Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (tacitly approving *sua sponte* dismissals on statute of limitations grounds in holding that district court's dismissals of complaints on the ground that allegations in the complaints demonstrated the claims were barred by the statute of limitations constituted dismissals for failure to state a claim on which relief may by be granted and counted as strikes for purposes of section 1915(g)'s three-strikes provision); *Sejin Precision Indus. Co. v. Citibank, N.A.*, No. 17-2319-CV, 2018 WL 1151784, at *1 (2d Cir. Mar. 5, 2018) ("Likewise, at the pleading stage, a complaint is subject to dismissal if it appears on the face of the complaint that the cause of action has not been brought within the statute of limitations.) (internal quotation marks and citations omitted); *Harnage v. Torres*, 665 F. App'x 82, 83 (2d Cir. 2016) (affirming *sua sponte* dismissal of inmate's claims as barred by the statute of limitations.); *Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015) (per curiam) (affirming *sua sponte* dismissal of claims based on statute of limitations); *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where

6

the facts supporting the statute of limitation defense are set forth in the papers plaintiff himself submitted") (internal quotation marks and citations omitted).

Here, Hawkins' claims arise at two distinct times. His Fourth Amendment claims all accrued on or about October 7, 2013. Each claim is predicated on the events at the Enterprise lot and the subsequent removal to and interrogation at the Middletown Police Department. As of the occurrence of these events, Hawkins was certainly aware of the seizure of his property by Detectives Laskowski, Pero, Kramer and Kraeger, his person by Detectives Dirga, Kraeger, Delmauro, Laskowski, Pero and Kramer and any use of excessive force by Detective Laskowski. *See Wallace v. Kato*, 549 U.S. 384, 388-89 (2007) ("Every confinement of a person is an imprisonment" and the statute of "[l]imitations begin[s] to run against an action for false imprisonment when the alleged false imprisonment ends.") (internal quotation marks and citation omitted); *Vilchel v. Connecticut*, No. 3:07-CV-1344(JCH), 2008 WL 5226369, at *2 (D. Conn. Dec. 11, 2008) ("Plaintiff's claim of excessive force [against Hartford police officers] accrued when plaintiff "knew of his injury arising from the alleged assault."); *Remingo v. Kelly,* No. 04 Civ 1877, 2005 WL 1950138 at *5 (S.D.N.Y. Aug.12, 2005) ("Courts ... have held, in the context of a section 1983 action alleging the wrongful deprivation of property, that the violation of one's civil rights accrues when the property is seized.") (collecting cases from various circuits).

Hawkins' Fifth and Fourteenth Amendment claims arise out of his arrest on January 9, 2014 for the offense committed on October 7, 2013. Hawkins pleaded guilty to the criminal charge on August 13, 2014. Thus, any improper seizure or false arrest claim would have accrued at the latest on January 9, 2014. *See Wallace,* 549 U.S. at 388-390 (A false arrest claim accrues

7

when the plaintiff was held pursuant to legal process—that is, when he is "bound over by a magistrate or arraigned on charges.")

Hawkins signed the instant complaint on February 20, 2018, and prison officials at Carl Robinson provided the necessary documents in support of his application to proceed *in forma pauperis* on February 21, 2018. *See* Compl. at 9, Appl. Proceed *In Forma Pauperis* ECF No. 2 at 7. The Court considers the complaint to have been filed at the earliest on February 21, 2018, the date Hawkins presumably handed it and his application to proceed *in forma pauperis* to prison officials to be mailed to the Court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court), *opinion modified on reh'g on other grounds*, 25 F.3d 81 (2d Cir. 1994). Accordingly, each of Hawkins' claims is barred by the three-year statute of limitations unless the statute is tolled.[2]

"[I]n section 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules.'" *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (quoting *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484–86 (1980)). Connecticut law permits tolling of the statute of limitations due to a continuous course of conduct or fraudulent concealment of the cause of action by the defendants. *See Macellaio v. Newington Police Dep't*,

---

[2] The Court notes that even if the false arrest claim arising from Hawkins' arrest on January 9, 2014 were not barred by the statute of limitations, it would fail to state a claim because Hawkins has not alleged that the criminal charges terminated in his favor. *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (reaffirming that "favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest" under Connecticut law) (internal citations and quotations omitted). Indeed, he admits that he pleaded guilty to two criminal charges and "therefore he cannot show a favorable termination of all the charges for which he was arrested as is required to sustain a claim for false arrest." *Febus v. Somody*, No. 3:18-CV-00640 (JAM), 2019 WL 1763093, at *3 (D. Conn. Apr. 22, 2019).

145 Conn. App. 426, 430, 75 A.3d 78, 82 (2013). There are no facts alleged which would suggest or even raise the specter of a tolling on the basis of a continuous course of conduct or on the basis of fraudulent concealment by defendants. *See Harnage*, 665 F. App'x at 84 (observing that "continuing violation doctrine is limited "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment . . . and, when the doctrine does apply, the limitations period begins to run when the defendant has engaged in enough activity to make out an actionable ... claim" and concluding that even if "doctrine could apply to this context, Mr. Harnage's claims were ripe no later than 2009 when he became aware of the allegedly unlawful conduct giving rise to his claim"). The allegations giving rise to the claims begin and end at discreet moments in time and per his own allegations, Hawkins was fully aware of the alleged deprivations at the time the events occurred.

The Fourth, Fifth and Fourteenth Amendment claims asserted pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations and are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**State Law Claims**

Hawkins also alleges that Detectives Kramer, Pero, Laskowski and Kraeger seized and failed to return his property in violation of Connecticut General Statutes §§ 54-36a, 54-36f and generally asserts that the conduct of Detectives Kraeger and Laskowski violated his rights under the Connecticut Constitution. *See* Am. Compl. at 6 ¶¶ 16, 20. In view of the dismissal of Hawkins' federal constitutional claims, the Court declines to exercise supplemental jurisdiction

over any remaining state law claims.  S*ee* 28 U.S.C. § 1367; *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 117–18 (2d Cir. 2013).

**ORDERS**

The Court enters the following orders:

(1) The federal claims asserted against all defendants are **DISMISSED** as barred by the statute of limitations pursuant to 28 U.S.C. § 1915A(b)(1).  The Court declines to exercise supplemental jurisdiction over any remaining state law claims.  S*ee* 28 U.S.C. § 1367; *Lundy,* 711 F.3d at 117–18.  The dismissal is without prejudice to Hawkins filing an amended complaint within thirty (30) days if he believes he can assert facts which would demonstrate that his Fourth Amendment claims, having accrued on October 7, 2013, are not time barred.   The Court concludes that it would be futile to permit Hawkins to file an amended complaint as to the claim that Detectives Kramer and Pero falsely arrested or seized him on January 9, 2014 given that he has conceded that he was convicted for the offense for which he was arrested on that date.  *See Harnage*, 665 F. App'x at 84 ("a district court need not grant leave to amend when amendment would be "'futile'") (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

(2) If Hawkins chooses not to file an amended complaint within the time specified, the Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 7th day of May, 2019.

\_\_\_\_/s/_____
Kari A. Dooley
United States District Judge